IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE A. GUTIERREZ,<br><br>    Petitioner,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>    Respondent.<br>_____/ | No. C 09-02500 CW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>(Docket no. 8) |

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging an expired conviction and sentence from the Marin County Superior Court for which he is now facing deportation proceedings.

Before the Court is Respondent's motion to dismiss the petition because Petitioner is not in custody pursuant to a judgment of a state court. Instead, Petitioner is being detained by the Department of Homeland Security (DHS) in connection with his deportation proceedings. (Holliday Decl. ¶ 4-11.) Furthermore, Respondent argues that to the extent the petition can be construed as brought under 28 U.S.C. § 2241, it should be dismissed because a state conviction cannot be collaterally attacked in a § 2241 petition. (Mot. to Dismiss at 2.) Petitioner has not filed an opposition to the motion to dismiss.

## DISCUSSION

Federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is in custody under the conviction or sentence under attack at the time his petition is filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Petitioner was not; and the

1  immigration consequences of his state conviction are not enough to
2  render him "in custody pursuant to the judgment of a State court"
3  for purposes of § 2254.  Resendiz v. Kovensky, 416 F.3d 952, 958
4  (9th Cir. 2005) (detainee facing deportation on basis of state-
5  court conviction not in custody pursuant to the judgment of a state
6  court and cannot file habeas petition under § 2254).  Therefore,
7  Petitioner cannot proceed under § 2254 against the State.  Id.
8      Nor can Petitioner collaterally attack his state court
9  conviction in a habeas corpus petition under § 2241.  Id. at 960;
10 see also Contreras v. Schiltgen, 122 F.3d 30, 31-32 (9th Cir.
11 1997), aff'd on add'l grounds in Contrereas v. Schiltgen, 151 F.3d
12 906 (9th Cir. 1998).  Until a habeas petitioner has successfully
13 overturned his conviction in an action against the State, the DHS
14 is entitled to rely on the conviction as a basis for custody and
15 eventual deportation.  See Contreras, 122 F.3d at 33.  Therefore,
16 Petitioner's sole remedy is to attack his state court conviction in
17 state court.  See id. ("The validity of Contreras' California
18 conviction can only be tested in an action against the state, which
19 has the greatest interest in preserving its judgment and the best
20 ability to either correct or defend it."); see also Resendiz, 416
21 F.3d at 960.
22     Accordingly, Respondent's motion to dismiss is GRANTED, and
23 the petition is DISMISSED.

## CONCLUSION

25     For the foregoing reasons, Respondent's motion to dismiss
26 (docket no. 8) is GRANTED.  The petition for a writ of habeas
27 corpus is DISMISSED.

2

1  The Clerk of the Court shall enter judgment in accordance with
2  this Order, terminate all pending motions, and close the file.
3  This Order terminates Docket no. 8.
4  IT IS SO ORDERED.

5  Dated: 12/3/2010

    CLAUDIA WILKEN
6                                      UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JORGE A GUTIERREZ,

        Plaintiff,

v.

DHS et al,

        Defendant.

Case Number: CV09-02500 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 3, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jorge A. Gutierrez F-41228
157 N. San Pedro Rd.
San Rafael, CA 94903

Dated: December 3, 2010

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

4